UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COZINE WELCH,

        Petitioner,

                                        Case Number: 05-73050

v.

                                        HON. PATRICK J. DUGGAN

WILLIE O. SMITH,

        Respondent.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 14, 2006.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Cozine Welch has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan, challenges his convictions for second-degree murder, assault with intent to commit great bodily harm less than murder, and possession of a firearm during the commission of a felony. Respondent has filed a motion to dismiss on the ground that the petition contains unexhausted claims. In his answer to the petition, Respondent also contends that Petitioner's claims should be denied because the Michigan Court of Appeals' resolution of the claims was not contrary to or an unreasonable application of established federal law. For the reasons set forth below, the Court denies Respondent's motion to dismiss based on exhaustion, but denies the petition

for a writ of habeas corpus.

## I.   Facts

Petitioner's convictions arise from an attempted larceny from a vehicle outside a beauty salon in Detroit, Michigan.  Kenneth Answorth, the salon's owner, testified that, on March 16,1998, he was cutting Robert Jones' hair when a noise from the parking lot surveillance camera caught his attention.  He left the salon to investigate.  Reginald Dawkins, who was waiting for a haircut, followed Answorth outside.  Answorth testified that he saw Petitioner standing in the driveway and Petitioner's co-defendant Marrion Johnson standing with his arm inside Jones' vehicle.  Answorth asked what was going on and Johnson began backing into the alley.

Answorth testified that Jones, who by then had entered the parking lot, began fighting with Petitioner and that Answorth then struck co-defendant Johnson.  Jones came to assist Answorth in fighting Johnson.  As Answorth, Jones, and Johnson were fighting, Answorth heard gunshots.  Petitioner, who was carrying a gun, ran up to Answorth and told him to let Johnson go.  Answorth did.  Johnson and Petitioner fled.

Answorth testified that he then saw Dawkins lying on the pavement, bleeding from a gunshot wound to the head.  Bernardino Pacris, a forensic pathologist, testified that Dawkins died from a gunshot wound to the head. Answorth testified that he suffered a graze wound to his thigh.  Answorth denied having a gun at the scene.

Police officer Anthony Woodford testified that Petitioner, who suffered a gunshot wound to the leg, gave a statement while hospitalized.  In his statement, Petitioner

indicated that he and co-defendant Johnson decided to try to steal a radio from a pickup truck in the salon parking lot. Petitioner admitted to carrying a nine millimeter gun at the time. Petitioner was acting as a lookout when several men exited the salon and attacked them. Petitioner stated that, after one of the men pulled a gun and shot him, he fired back.

A firearms expert testified that the various spent shell casings found at the scene of the shooting indicated that at least two nine millimeter guns had been fired at the scene.

## II.     Procedural History

Following a bench trial in the Wayne County Circuit Court, Petitioner was convicted of second-degree murder, two counts of assault with intent to do great bodily harm less than murder, and possession of a firearm during the commission of a felony.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

>   I.   The prosecutor presented insufficient evidence to support a finding that Mr. Welch was guilty beyond a reasonable doubt of second-degree murder, and this conviction on insufficient evidence denied Mr. Welch his state and federal constitutional right to due process.
>
>   II.  Mr. Welch's trial attorney rendered ineffective assistance of counsel in failing to call Mr. Welch as a witness to substantiate the self-defense claim.
>
>   III. The sentence of 20 to 40 years imprisonment is disproportionate to the nature of the offense and the characteristics of the offender, a teenage first felony offender.

Petitioner, through counsel, filed a supplemental brief, raising the following additional

claim:

> IV. The trial court abused its discretion in admitting the written confession of Mr. Welch which was obtained from Mr. Welch without a knowing and voluntary waiver of his rights and by the use of trickery on behalf of the police department, thereby denying Mr. Welch due process of law.

The Michigan Court of Appeals rejected Petitioner's claims and affirmed his convictions. *People v. Welch*, No. 215211 (Mich. Ct. App. Feb. 27, 2001).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting only the claim raised in his supplemental brief to the Michigan Court of Appeals. The Michigan Supreme Court denied the application. *People v. Welch*, No. 119037 (Mich. Aug. 28, 2002).

Petitioner then filed a petition for a writ of habeas in this Court, raising the following claims:

> I. Whether the prosecutor presented sufficient evidence to support a finding that Petitioner Welch was guilty of second-degree murder.
>
> II. Whether trial counsel was ineffective in failing to call Petitioner Welch as a witness to support his self-defense.
>
> III. Whether Petitioner's right against self-incrimination was violated when the police persisted in questioning Petitioner after he indicated his preference to remain silent.

On May 8, 2003, Magistrate Judge R. Steven Whalen issued a Report and Recommendation recommending that the petition be dismissed without prejudice so that

Petitioner could exhaust his unexhausted claims in the Michigan courts.[1]  The Court concurred with Magistrate Judge Whalen's recommendations and dismissed the petition without prejudice.  *Welch v. Kapture*, No. 02-CV-73417-DT (E.D. Mich. June 23, 2003).

Petitioner returned to state court and filed a motion for relief from judgment and an amended motion for relief from judgment, presenting the following claims:[2]

>   I.   Insufficient evidence
>
>   II.  Ineffective assistance of trial counsel
>
>        a.   failing to call defendant as a witness to support his self-defense claim
>
>   III. Proportionality of the sentence
>
>   IV.  Violation of constitutional right against self-incrimination.
>
>   V.   Trial counsel was ineffective for failing to investigate and obtain an independent evaluation of ballistics evidence.

---

[1]  In the Report and Recommendation, Magistrate Judge Whalen identifies claims II and III as the unexhausted claims.  It appears, however, that the unexhausted claims should have been identified as claims I and II.  Magistrate Judge Whalen stated that Petitioner conceded that claims II and III were unexhausted.  In fact, on page 6 of his petition, Petitioner conceded that claims I and II were unexhausted because they were not presented to the Michigan Supreme Court.  It appears that only the claim presented in Petitioner's supplemental brief, alleging a violation of Petitioner's right to be free from compelled self-incrimination, was presented in the application for leave to appeal to the Michigan Supreme Court.  Thus, the third claim was the only claim properly exhausted.

[2]  Respondent did not submit a copy of Petitioner's motion for relief from judgment or his amended motion for relief from judgment as part of the Rule 5 materials.  The claims presented by Petitioner in these motions are gleaned from the trial court's March 31, 2004 order denying the motions.

      VI.     Trial counsel was ineffective for waiving a witness, Dr. Leland.

      VII.    Appellate counsel was ineffective for failing to raise claim regarding Dr. Leland on appeal of right.

The trial court denied relief from judgment. *People v. Welch*, No. 98-004094 (Wayne County Third Judicial Circuit Court March 31, 2004).

    Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

      I.      Was defendant denied his Sixth Amendment right to the effective assistance of appellate counsel where appellate counsel neglected to argue during defendant's appeal of right that trial counsel was ineffective in failing to call a neutral and disinterested witness who would have lent credibility to defendant's version of the facts of the case?

      II.     Did the trial court abuse its discretion in admitting the written confession of the defendant which was obtained from the defendant without a knowing and voluntary waiver of his rights and by use of trickery on the behalf of the police department, thereby denying the defendant due process of law?

      III.    Did the prosecutor present insufficient evidence to support a finding that defendant was guilty beyond a reasonable doubt of second-degree murder, and did this conviction on insufficient evidence deny defendant his state and federal constitutional right to due process?

      IV.    Did defendant's trial attorney render ineffective assistance of counsel in failing to call defendant as a witness to substantiate his self-defense claim?

      V.     Was the sentence of 20 to 40 years imprisonment

>           disproportionate to the nature of the offense and to the
>           characteristics of the offender, a teenage first felony
>           offender?

Petitioner also filed a motion to remand for an evidentiary hearing on his ineffective assistance of counsel claims. The Michigan Court of Appeals dismissed the application for leave to appeal and the motion to remand because they were not timely filed. *People v. Welch*, No. 262064 (Mich. Ct. App. June 24, 2005). Petitioner did not file an application for leave to appeal in the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated January 13, 2006.

On August 5, 2005, Petitioner filed the pending petition for a writ of habeas corpus presenting the following claims:

>    I.   Abuse of discretion in admitting written confession.
>
>    II.  Ineffective assistance of trial counsel for failing to call
>         Petitioner as a witness to substantiate self-defense
>         claim.
>
>    III. Ineffective assistance of appellate counsel for failing to
>         raise ineffective assistance of counsel claim regarding
>         trial counsel's failure to call Dr. Robert Leland to stand
>         to substantiate self-defense claim.
>
>    IV.  Insufficient evidence to support finding of guilt.

Respondent has filed a motion to dismiss on the ground that the petition is a mixed petition– i.e., that it contains exhausted, as well as unexhausted claims.

**III.   Respondent's Motion to Dismiss**

Respondent argues that the entire petition must be dismissed because it is a mixed

7

petition. A prisoner challenging his confinement by way of a habeas corpus petition must exhaust his state court remedies prior to seeking federal habeas corpus relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (6th Cir. 1987)(holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Prather*, 822 F.2d at 1420 n.3. In this case, Petitioner failed to present all but his claim challenging the admission of his custodial statement to the Michigan Supreme Court. Thus, except for that one claim, all of his habeas claims are unexhausted.

Respondent argues that the petition therefore must be dismissed. The Court denies Respondent's request for dismissal because, where a petitioner "fails to present his claims to the state courts and . . . is barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him

8

to exhaust." *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). No state court remedy is available to Petitioner because he already filed a motion for relief from judgment in the state trial court and Michigan Court Rule 6.502(G) bars him from filing a successive motion. Where a petitioner fails to exhaust his state court remedies and the state court will no longer entertain his claims because of a procedural bar, the unexhausted claims are procedurally defaulted. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001). A petitioner will not be allowed to present unexhausted claims unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *Hannah*, 49 F.3d at 1196.

Petitioner claims that he failed to exhaust his state court remedies on collateral review because he was unaware that the Michigan Court of Appeals' address had changed until his application for leave to appeal the trial court's denial of his motion for relief from judgment was returned as undeliverable. When he tried to resubmit the application to the correct address, the application was dismissed by the Michigan Court of Appeals as untimely. *See* Petition at 6. In a case where the prisoner's appeal was rejected as untimely, albeit as a result of the error of the prisoner's counsel, the Supreme Court found that "cause" was lacking, explaining:

> "[C]ause" under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him: ". . . the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."

9

*Coleman*, 501 U.S. at 753, 111 S. Ct. at 2566 (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986))(emphasis added in *Coleman*).  The Sixth Circuit has held that a petitioner's ignorance of filing requirements is insufficient to establish cause to excuse the default.  *Miller v. Webb*, 74 F. App'x. 480, 482 (6th Cir. 2003)(citing *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991)(collecting cases)).  Similarly, this Court finds that Petitioner's failure to properly address his application for leave to appeal is insufficient to establish cause to excuse his default.

Petitioner's unexhausted claims, therefore, are procedurally defaulted unless he can establish that a constitutional error resulted in a fundamental miscarriage of justice.  *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995).  As the Supreme Court explicitly has held: "' . . . where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'"  *Id.* at 321, 115 S. Ct. at 864 (quoting *Carrier*, 477 U.S. at 496, 106 S. Ct. at 2649).  Thus, Petitioner must assert a constitutional error along with a claim of innocence.  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."  *Id.*, 115 S. Ct. at 864.  Petitioner has not supported his allegations of constitutional error with new reliable evidence of actual innocence that was not presented to the trial court.  Accordingly, Petitioner's unexhausted claims are procedurally barred.

### IV.     Admissibility of Petitioner's Statement

As indicated previously, Petitioner presents only one claim which the Court may address on the merits: that his right to be free from compelled self-incrimination was violated because police continued to question him after he stated that he did not wish to speak to police and that they questioned him when he was hospitalized for a gunshot wound.

#### A.     Standard of Review

Federal courts apply the following standard of review when reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this Court must presume the correctness of state court

factual determinations. 28 U.S.C. § 2254(e)(1)[3]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 1519-20 (2000).

With respect to the "unreasonable application" clause of Section 2254(d)(1), the United States Supreme Court has instructed that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of [the Supreme] Court to the facts of a prisoner's case." *Id.* at 409, 120 S. Ct. at 1521. The Court defined "unreasonable application" as follows:

---

[3] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11, 120 S. Ct. at 1521-22.

### B. Discussion

The Fifth Amendment provides that "[n]o person shall be . . . .compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. In *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966), the Supreme Court held that, to protect a suspect's Fifth Amendment rights, an individual who has been taken into custody or otherwise deprived of his freedom and is questioned must be advised, prior to any questioning, "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him." *Id.* at 478-79, 86 S. Ct. at 1630. Law enforcement officers must cease questioning a suspect who invokes his or her right to remain silent or to have an attorney present:

> If the individual indicates at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. . . . [A]ny statement taken after the person

13

> invokes his privilege cannot be other than the product of
> compulsion, subtle or otherwise. Without the right to cut off
> questioning, the setting of in-custody interrogation operates
> on the individual to overcome free choice in producing a
> statement after the privilege has been once invoked.

*Id.* at 473-74, 86 S. Ct. at 1628. "[T]he admissibility of statements obtained after the person in custody has decided to remain silent depends . . . on whether his 'right to cut off questioning' was 'scrupulously honored.'" *Michigan v. Mosley*, 423 U.S. 96, 104, 96 S. Ct. 321, 326 (1975).

      The trial court conducted an evidentiary hearing pursuant to *People v. Walker*, 374 Mich. 331 (1965), regarding Petitioner's challenge to the admissibility of his statements.[4] Police Officer Anthony Woodford testified that, on March 17, 1998, he interviewed Petitioner at Detroit Receiving Hospital. Officer Woodford testified that it was his understanding that Petitioner had been shot while perpetrating an attempted robbery. Officer Woodford testified that he informed Petitioner that he was investigating a shooting that took place on Eight Mile Road. Petitioner responded that he had nothing to say. Officer Woodford testified that he then informed Petitioner of his rights and that Petitioner initialed and signed the standard constitutional rights form. According to Officer Woodford, Petitioner appeared to be lucid and did not appear to be under the influence of any drugs. Officer Woodford further testified that, although Petitioner appeared to be in some pain as a result of the gunshot wound, the pain did not seem to

---

    [4] *People v. Walker*, 374 Mich. 331, 132 N.W.2d 87 (1965) requires that an evidentiary hearing be conducted when a defendant challenges the admissibility of a confession.

interfere with Petitioner's ability to understand and process information.  Officer Woodford testified that, after he advised Petitioner of his rights, Petitioner did not express a desire to remain silent.  Officer Woodford obtained a statement from Petitioner in which Petitioner stated that he acted in self defense.  Officer Woodford wrote down Petitioner's statement, which he asked Petitioner to review.  Petitioner reviewed the statement, made no substantive corrections, and signed it.  Officer Woodford testified that Petitioner did not request an attorney at any time.

Paulette White, a registered nurse at Detroit Receiving Hospital, also testified at the *Walker* hearing.  She testified that Petitioner was delivered to the floor on which she was working at approximately 4:00 a.m., on March 17, 1998.  She administered one dose of Demerol to Petitioner.  Ms. White also testified that Petitioner seemed alert and oriented.  Following the evidentiary hearing, the trial court concluded that Petitioner's statement was admissible.

In his appeal of right to the Michigan Court of Appeals, Petitioner argued that the trial court erred in denying his motion to suppress.  The Michigan Court of Appeals held, in pertinent part:

> Welch also argues that his constitutional right against self-incrimination was violated when the police persisted in questioning him after he indicated his preference to remain silent.  *Michigan v. Mosley*, 423 U.S. 96, 103-104; 96 S. Ct. 321 (1975); *People v. Slocum* (*On Remand*), 219 Mich. App. 695, 700; 558 N.W.2d 4 (1996).  Welch gave a statement to Officer Anthony Woodford the day after the shooting, while he was at the hospital being treated for a gunshot wound. . . . The record . . . indicates that, upon being advised of his

15

> *Miranda* [] rights, Welch voluntarily waived his rights and
> gave a statement. The record does not indicate that Welch
> asserted his "right to cut off questioning" after he was given,
> and indicated his understanding of, his *Miranda* rights.
> *Slocum (On Remand), supra* at 700. Thus, Welch's claim
> lacks factual support and is without merit.

*Welch*, No. 215211, 2001 WL 721350 *3 (Mich. Ct. App. Feb. 27, 2001).

Petitioner did not testify at the *Walker* hearing and presented no evidence to support his claim that, after he was given his *Miranda* warnings, he invoked his right to remain silent. Nor does he present any evidence to support his contention that his physical condition rendered his waiver of his *Miranda* rights involuntary. Petitioner failed to provide the Court of Appeals with any evidence calling into question the police officer's and nurse's testimony that Petitioner appeared lucid and rational. Thus, Petitioner has failed to show that the Michigan Court of Appeals' decision that his statement was properly admitted was contrary to or an unreasonable application of Supreme Court precedent.

**V.     Conclusion**

For the foregoing reasons, the Court concludes that, except for his challenge to the admission of his confession, Petitioner procedurally defaulted the claims set forth in his habeas corpus petition. With respect to his only exhausted claim, the Court concludes that the State court's adjudication of that claim was neither contrary to nor involved an unreasonable application of clearly established federal law. The Court therefore holds that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2254.

Accordingly,

**IT IS ORDERED**, that Respondent's Motion to Dismiss is **DENIED**;

**IT IS FURTHER ORDERED,** that the petition for a writ of habeas corpus is **DENIED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Cozine Welch, #271469
Ionia Maximum Correctional Facility
1576 W. Bluewater Hwy.
Ionia, MI   48846

William C. Campbell, Esq.