UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COZINE WELCH,

        Petitioner,

                                                  CASE NO. 05-73050
v.                                            HONORABLE PATRICK J. DUGGAN

WILLIE O SMITH,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 30, 2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Petitioner Cozine Welch ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court denied on September 14, 2006. Petitioner seeks to appeal the Court's decision and therefore requests a certificate of appealability from this Court. *See* 28 U.S.C. § 2253.

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the Supreme Court recently stated, when a district court denies a habeas petition on the merits of the claims, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; *and* (2) the district court was correct in its procedural ruling. *Id*. at 484-85, 120 S. Ct. at 1604.

In his petition seeking habeas relief, Petitioner raised the following claims:

    I.    Abuse of discretion in admitting written confession.

    II.    Ineffective assistance of trial counsel for failing to call Petitioner as a witness to substantiate self-defense claim.

    III.    Ineffective assistance of appellate counsel for failing to raise ineffective assistance of counsel claim regarding trial counsel's failure to call Dr. Robert Leland to stand to substantiate self-defense claim.

    IV.    Insufficient evidence to support finding of guilt.

This Court found that Petitioner failed to exhaust all but his first claim for relief and that those claims were procedurally defaulted. The Court further found that Petitioner failed to establish that a constitutional error resulted in a fundamental miscarriage of justice; thereby permitting the Court to consider his procedurally defaulted claims. As to his first claim, the Court held that it lacked merit.

Petitioner fails to establish that this Court's procedural ruling with respect to his second, third, and fourth claims was incorrect. Petitioner has not supported his claim of innocence with *new* reliable evidence. *See Schlup v. Delo*, 513 U.S. 298, 321, 115 S. Ct.

851, 864 (1995)(holding that, to assert constitutional error along with a credible claim of innocence, "such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . ."). As to his first claim, Petitioner fails to demonstrate that reasonable jurists would find this Court's assessment debatable or wrong. The Court therefore holds that Petitioner is not entitled to a certificate of appealability and DENIES the request.

    **SO ORDERED.**

                              s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE

Copies to:

Cozine Welch, #271469
Ionia Maximum Correctional Facility
1576 W. Bluewater Hwy.
Ionia, MI 48846

William C. Campbell, Esq.